**Opinion filed March 25, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00219-CV

_____

# IN THE INTEREST OF J.R., D.E.R., K.I.O., K.E.O., AND S.A.O., CHILDREN

**On Appeal from the 446th District Court**
**Ector County, Texas**
**Trial Court Cause No. E-19-015-PC**

## M E M O R A N D U M   O P I N I O N

This is an appeal from two orders in which the trial court terminated the parental rights of the mother of J.R., D.E.R., K.I.O., K.E.O., and S.A.O. after a trial de novo. In one of those orders, the trial court also terminated the parental rights of the father of K.I.O., K.E.O., and S.A.O. Each of these two parents filed a notice of appeal. We affirm the orders of termination.

### *Mother's Appeal*

The mother's court-appointed counsel has filed a brief in which he professionally and conscientiously examines the record and applicable law and

concludes that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008); *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978).

Counsel has earnestly attempted to provide the mother with a copy of the brief, a copy of the appellate record, and a letter explaining to the mother her right to review the record and file a pro se response to counsel's brief. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). All of the mail sent by counsel and this court to the mother's last known address has been returned. Despite counsel's numerous attempts to locate the mother by phone, by mail, and through her family members, counsel has been unable to do so.

An appellant who fails to keep her attorney informed of her current address forfeits the right to receive a copy of the *Anders* brief and the right to file a pro se brief. *Schulman*, 252 S.W.3d at 408 n.21 (citing *Gonzales v. State*, 903 S.W.2d 404, 405 (Tex. App.—Texarkana 1995, no pet.)); *In re E.M.M.M.*, No. 04-10-00771-CV, 2011 WL 1600981, at *1 (Tex. App.—San Antonio Apr. 27, 2011, no pet.) (mem. op.) (holding that parent whose parental rights were terminated and who failed to keep in touch with, and provide a current address to, her court-appointed attorney forfeited her right to receive a copy of the *Anders* brief and file a pro se response). Because the mother has failed to keep her attorney apprised of her address or contact information, she has forfeited the right to receive a copy of counsel's *Anders* brief and the right to file a pro se response. *See E.M.M.M.*, 2011 WL 1600981, at *1.

We conclude that the mother's counsel has satisfied his duties under *Anders*, *Schulman*, and *Kelly*. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in this cause, and we agree that the mother's appeal is without merit.

We note that this court received a motion to withdraw from the mother's court-appointed counsel in conjunction with the *Anders* brief. The Texas Supreme Court has held, however, that an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances presented in this case. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). The court in *P.M.* stated that "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.* at 27–28.

*Father's Appeal*

In a single issue on appeal, the father contends that he received ineffective assistance of counsel in the trial court. The father specifically complains that his trial counsel failed to request a bench warrant for the father's appearance, in person, at the trial; failed to request a continuance so that the father could be present for trial; and failed to provide meaningful assistance as an advocate for the father during trial.

A parent that has a statutory right to counsel in a parental termination case has the right to "effective counsel." *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). To prevail on a claim of ineffective assistance of counsel, a parent must generally show (1) that trial counsel's performance was deficient and (2) that the deficient performance was so serious as to deny the parent a fair and reliable trial. *J.O.A.*, 283 S.W.3d 336, 341–42 (Tex. 2009) (following the two-pronged analysis of *Strickland v. Washington*, 466 U.S. 668 (1984)); *M.S.*, 115 S.W.3d at 545 (same). In the present case, the father has failed to satisfy the *Strickland* test.

The record reflects that, on the day after the Department of Family and Protective Services filed the original petition in this cause, the trial court appointed counsel to represent the father. The same attorney continued to represent the father throughout the proceedings below, including the termination hearing conducted by the associate judge and the de novo termination hearing conducted by the district judge. Trial counsel informed the associate judge that she was present on behalf of

3

the father "who is currently incarcerated in Tennessee . . . in one of those private jails. . . . And getting in touch with him through that private jail system has been miserable, Your Honor, and so I am not truly ready." We note that, despite her announcement of "not truly ready," the father's trial counsel adequately represented the father and cross-examined most of the Department's witnesses. After this hearing, the father's trial counsel timely filed a request for a de novo hearing. She also filed a motion related to the father's appearance at the de novo hearing.

In the Motion for Telephone Appearance, the father's trial counsel indicated that the father wished to be present, in person, at the de novo hearing "to testify and directly confront witnesses."[1] The father's trial counsel stated that the father was incarcerated in Tennessee, provided the address of the prison and the father's inmate number, and stated that the father would still be at that location at the time of the scheduled de novo hearing. The prayer portion of the motion reads in pertinent part: "Movant prays that the Court grant him permission to attend the De Novo hearing . . . . If it is not possible for a bench warrant to be issued, in the alternative, Movant . . . requests to be allowed to participate by telephone for the De Novo hearing."

The de novo hearing was "held via Zoom technology." At the beginning of the de novo hearing, the father's trial counsel announced, "We are present, and he is ready by phone, Your Honor." The father appeared at that hearing and testified by phone. The record thus shows that not only did the father's trial counsel request that the father be bench warranted, if possible, for the de novo hearing, but she also obtained the father's appearance via telephone at the de novo hearing.

On the record before us, we cannot hold, as the father asserts, that the father "received no meaningful assistance of counsel and was denied an advocate in his

---

[1]*See generally In re Z.L.T.*, 124 S.W.3d 163, 165–66 (Tex. 2003) (discussing the requirements for the content of a request for a bench warrant).

cause." The record does not support the father's contention that his trial counsel's performance was deficient. Thus, the father has not met the first prong of *Strickland*. *See M.S.*, 115 S.W.3d at 545–46. Additionally, we cannot hold that the result of the proceeding would have been different but for trial counsel's alleged deficiencies; the father has failed to establish that he was denied a reliable trial and, thus, has not met the second prong of *Strickland*. *See M.S.*, 115 S.W.3d at 545. Accordingly, we overrule the father's sole issue on appeal.

*This Court's Ruling*

We affirm the trial court's orders of termination.

JOHN M. BAILEY

CHIEF JUSTICE

March 25, 2021

Panel consists of: Bailey, C.J.,
Williams, J., and Wright, S.C.J.[2]

Trotter, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.